UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>  vs.<br><br>MATTHEW KURTENBACH,<br><br>                Defendant. | CR. 17-50071-JLV<br><br>ORDER |

**INTRODUCTION**

Defendant Matthew Kurtenbach entered a plea agreement and pled guilty to distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Docket 79). Magistrate Judge Daneta Wollmann conducted defendant's change of plea hearing. (Docket 86). During the hearing, the magistrate judge denied defendant's motion to quash the writ of habeas corpus ad prosequendum in his case. (Docket 89). Defendant made the motion to quash the writ so he would return to the custody of the State of South Dakota. (Docket 83). The court accepted defendant's guilty plea and scheduled his sentencing for March 2, 2018. (Docket 90). Defendant now moves for the court to release him from federal custody pending sentencing pursuant to 18 U.S.C. § 3145(b). (Docket 93).

**DISCUSSION**

The mandatory detention provisions of the Bail Reform Act require detention of any defendant "found guilty of an offense . . . described in

subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition . . . of sentence . . . ." 18 U.S.C. § 3143(a)(2). Subparagraph (C) of 18 U.S.C. § 3142(f)(1) includes a violation of 21 U.S.C. § 841(b)(1)(C) as it is an offense for which the maximum term of imprisonment is ten years or more[1] as prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*).

Although defendant's motion cites 18 U.S.C. § 3145(b), the applicable subsection of the statute is 18 U.S.C. § 3145(c) because defendant pled guilty to an offense that requires detention pending sentencing. He is subject to detention pursuant to 18 U.S.C. § 3143(a)(2). "A person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c); see United States v. High Wolf, CR. 14-50093, 2015 WL 9255548, at *1 (D.S.D. Dec. 18, 2015).

The exceptions to mandatory detention are limited to two situations. First, if the court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted . . . ." 18 U.S.C. § 3143(a)(2)(A)(i). The second exception contains two elements: first, the government is recommending no sentence of incarceration be imposed and second, the court finds by clear and convincing evidence the defendant is not a flight risk and does not pose a danger

---

[1] As the magistrate judge advised defendant during his change of plea hearing, the maximum term of imprisonment for violating 21 U.S.C. § 841(b)(1)(C) is 20 years. (Docket 88).

to the community. 18 U.S.C. §§ 3143(a)(2)(A)(ii) and (B). Neither exception under § 3143(a)(2) applies. Defendant entered a guilty plea, so there will be no acquittal or new trial. The government intends to seek imprisonment. (Docket 79 at p. 4) (stating the government will recommend a guidelines sentence).

Notwithstanding the mandatory detention provisions of § 3143, the court may still release a defendant pending sentencing pursuant to § 3145(c). As stated above, "[a] person subject to detention pursuant to section 3143(a)(2) . . . and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

"Thus, in order for Defendant to be released pending sentencing, he would have to establish: (1) by clear and convincing evidence that he is not likely to flee; (2) by clear and convincing evidence that he does not pose a danger to any other person or the community; and (3) that exceptional reasons are clearly shown warranting his release." United States v. Harris, 192 F. Supp. 3d 337, 347 (W.D.N.Y. 2016). " 'Exceptional reasons' must include something that is 'clearly out of the ordinary, uncommon, or rare.' " United States v. Helder, No. 05-00125, 2006 WL 4080952 (W.D. Mo. Sept. 21, 2006) (citing United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004)) (internal citation omitted).

Defendant fails to meet the applicable standard. Earlier in this case, the magistrate judge determined the Bail Reform Act required pretrial detention of defendant. (Docket 77). The magistrate judge determined defendant's

3

"extensive criminal history, his history of violence, his substance abuse history, and his repeated failures to appear" made him "a flight risk and a danger to the community[.]"  Id. at p. 8.  The magistrate judge set forth concrete reasons for this finding: defendant has 84 criminal convictions within approximately 20 years; some of his criminal history relates to his violent conduct; he has a history of possessing illicit substances and driving under the influence of substances; and he has a long record of failing to appear in court and avoiding court-resolution of his criminal conduct.  Id. at pp. 6-8.  Defendant's motion for release pending sentencing does not overcome his conduct establishing him as a flight risk and danger to the community.

Defendant claims he will be in custody of the State of South Dakota if the court grants his motion.  (Docket 94).  This possibility does not abate his risk of flight or danger to the community.  Even if defendant is released to state custody, the court will not have control over the circumstances of defendant's custody and whether he is paroled from state custody.  Defendant requests release in part so he can appear before the South Dakota Board of Pardons and Paroles.  Id. at p. 2.  Because the defendant may be released from state custody and this court will not have a guaranteed mechanism for returning him to federal custody, the court finds this argument does not demonstrate by clear and convincing evidence that defendant is not a flight risk or danger to the community.

Because defendant fails to show by clear and convincing evidence he is not likely to flee or pose a danger to the community, the court must deny his motion for release pending sentencing.

The court also finds defendant has not established exceptional circumstances. The factors recognized as exceptional circumstances are limited. See United States v. Charger, 918 F. Supp. 301 (D.S.D. 1996) (reasons for a downward departure exist); United States v. Banta, 165 F.R.D. 102, 104 (D. Utah 1996) (the possibility exists the defendant may serve any imposed sentence before an appeal is resolved); United States v. Carretero, No. CR. 98-CR-418, 1999 WL 1034508 at *8 (N.D.N.Y. Nov. 4, 1999) (active cooperation with the government in order to receive a sentence reduction under § 5K1.1 of the United States Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure); United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) (detaining a seriously ill defendant pending appeal may be unduly harsh, even where the government may be able to provide adequate medical care); United States v. Kaquatosh, 252 F. Supp. 2d 775, 779 (E.D. Wis. 2003) ("[D]efendant's parent or spouse was seriously ill and may die prior to sentencing; or a defendant's child was scheduled for surgery during this time; or where a defendant's family was facing a particularly difficult financial situation that could be ameliorated if the defendant remained free and employed; or where a defendant's employer had a special need for his services; or where the defendant was undergoing substance abuse or psychiatric treatment that would be unavailable if he were incarcerated."); United States v. Mitchell, 358 F. Supp. 2d

707, 708 (E.D. Wis. 2005) ("[D]efendant fully cooperated with the government and, according to the prosecutor, will receive a U.S.S.G. § 5K1.1 motion at sentencing."). Defendant's motion and supporting memorandum fail to demonstrate exceptional circumstances. This serves as an additional basis for denying his motion.

Based on the above analysis, it is

ORDERED that defendant's motion for release pending sentencing (Docket 93) is denied.

Dated November 29, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE